# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CRIMINAL ACTION NO. 4:17-CR-157 |
| DEANDRE LEVELS (2), | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on August 7, 2020, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by Glen Roque-Jackson.

Deandre Levels was sentenced on June 4, 2018, before The Honorable Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Possession of Stolen Mail and Aiding and Abetting, a Class D felony. This offense carried a statutory maximum imprisonment term of five years. The guideline imprisonment range, based on a total offense level of 14 and a criminal history category of V, was 33 to 41 months. Deandre Levels was subsequently sentenced to a term of 27 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, no new credit, no gambling, substance abuse testing and treatment, mental health treatment, obtain GED, a $100 special assessment, and $180.45 in restitution . On August 14, 2019, Deandre Levels completed his period of imprisonment and began service of the supervision term.

On February 7, 2020, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 99, Sealed]. The Petition asserted that Defendant violated three (3) conditions of supervision, as follows: (1) [a]fter initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed; (2) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from you from doing so; and (3) You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

The Petition alleges that Defendant committed the following acts: (1) The defendant violated this condition of supervised release when he failed to report to the U.S. Probation Office in the Northern District of Texas/Dallas Division, on January 8, 2020, as instructed; (2) Since the defendant's term of supervision commenced on August 14, 2019, he has failed to provide verification of obtaining a lawful type of employment; and (3) The defendant violated this condition of supervised release when he failed to attend drug treatment at Homeward Bound, Inc., in the Northern District of Texas, on December 20, 2019, December 27, 2019, January 3, 2020, and January 10, 2020. The defendant violated this condition of supervised release when he failed to report for a random drug test on December 20, 2019 and January 7, 2020.

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 1 of the Petition. The Government dismissed the remaining allegations (allegations 2 and 3). Having

REPORT AND RECOMMENDATION – Page 2

considered the Petition and the plea of true to allegation 1, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

### **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of seven months, with a term of supervised release of eighteen months to follow.

The Court further recommends the imposition of the following special conditions: (1) Defendant is ordered to pay restitution to the victim listed in the "Restitution" section of the Presentence Report, which is due and payable immediately. Any fine/restitution amount that remains unpaid when Defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of Defendant's gross income, to be changed during supervision, if needed, based on Defendant's changed circumstances, pursuant to 18 U.S.C. § 3572(d)(3). If Defendant receives an inheritance, any settlements (including divorce settlement and personal injury settlement), gifts, tax refunds, bonuses, lawsuit awards, and any other receipt of money (to include, but not be limited to, gambling proceeds, lottery winnings, and money found or discovered) Defendant must, within 5 days of receipt, apply 100% of the value of such resources to any restitution or fine still owed. Any and all financial penalties must be made payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, 211 West Ferguson Street, Room 106, Tyler, Texas 75702; (2) Defendant must provide the probation officer with access to any requested financial

information for purposes of monitoring restitution payments and employment; (3) Defendant must not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full; (4) Defendant must not participate in any form of gambling unless payment of any financial obligation ordered by the Court has been paid in full; (5) Defendant must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing; (6) Defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by Defendant's treating physician. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing; (7) It is ordered that Defendant must pay to the United States a special assessment of $100, which is due and payable immediately; and (8) Defendant must acquire a high school equivalency certificate.

    The Court also recommends that Defendant remain at the Fannin County Detention Facility to complete his term of imprisonment, if appropriate.

    **SIGNED this 25th day of August, 2020.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE